UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| BMG MUSIC, a New York general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC. a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>-against-<br><br>DOES 1 - 13,<br><br>Defendants. | Civil Action No.: 08 CIV. 4888 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/08

## [~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' Application for Leave to Take Immediate Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Columbia University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena as well as a copy of the order and moving papers that seeks documents that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses,

and Media Access Control addresses for each Defendant. The subpoena may also seek all documents and electronically-stored information relating to the assignment of any IP address which Columbia cannot link to a specific Doe Defendant, such as, but not limited to, DHCP log files that reflect information about the physical port location to which the IP address was assigned at the specified date and time or the MAC address of an implicated device at the time of capture, as well as information about who had access to the physical location of the IP address. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B) and notice will be provided to any affected students and their parents pursuant to that section.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act, and, aside from filing new copyright actions against the identified defendants or filing an amended complaint naming them in this action and/or sharing this information with support staff, agents, and clients as necessary to negotiate releases or settlement agreements with the Doe Defendants, must be kept confidential by the attorneys seeking this information except as permitted by further order of this Court.

IT IS FURTHER ORDERED THAT the subpoena shall afford reasonable notice to customers of the school's internet service so that they may object or move to quash prior to the return date of the subpoena. Accordingly, the subpoena shall be returnable within 45 days of the date of service.

DATED: May 28, 2008           By: _____
                                  United States District Judge