UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

08 CV 4888

---

BMG MUSIC, a New York general partnership;
ARISTA RECORDS LLC, a Delaware limited
liability company; ATLANTIC RECORDING
CORPORATION, a Delaware corporation;
CAPITOL RECORDS, LLC, a Delaware limited
liability company; ELEKTRA
ENTERTAINMENT GROUP INC., a Delaware
corporation; INTERSCOPE RECORDS, a
California general partnership; LAFACE
RECORDS LLC, a Delaware limited liability
company; LAVA RECORDS LLC, a Delaware
limited liability company; MOTOWN RECORD
COMPANY, L.P., a California limited
partnership; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; UMG RECORDINGS, INC., a
Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation;
WARNER BROS. RECORDS INC., a Delaware
corporation; and ZOMBA RECORDING LLC, a
Delaware limited liability company,

        Plaintiffs,

    -against-

DOES 1 - 13,

        Defendants.

: Civil Action No.:

---

## APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

        Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil

Procedure 26 and 45, the Declaration of Carlos Linares, and the authorities cited in the

supporting Memorandum of Law, hereby apply for an Order permitting Plaintiffs to take

immediate discovery.

        In support thereof, Plaintiffs represent as follows:

        1.    Plaintiffs, record companies who own the copyrights in the most popular

sound recordings in the United States, seek leave of the Court to serve limited, immediate

discovery on a third party Internet Service Provider ("ISP") to determine the true identities of Doe Defendants, who are being sued for direct copyright infringement.[1]

2.      As alleged in the complaint, the Doe Defendants, without authorization, used an online media distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public. Although Plaintiffs do not know the true names of the Doe Defendants, Plaintiffs have identified each Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant on the date and time of that Defendant's infringing activity.

3.      Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that identify each Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses. Without this information, Plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

4.      Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a Rule 26(f) conference where there are no known defendants with whom to confer.

---

[1] Because Plaintiffs do not yet know the Doe Defendants' true identities, Plaintiffs are unable to personally serve them with a copy of this motion. Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(D) ("A paper is served under this rule by . . . leaving it with the court clerk if the person has no known address.") and will serve the Doe Defendants' ISP with a copy of this motion. Additionally, if the Court grants this motion, Plaintiffs will ask the ISP to notify each of the Doe Defendants of the subpoena and provide them with an opportunity to object.

WHEREFORE, Plaintiffs apply for an Order permitting Plaintiffs to conduct the foregoing requested discovery immediately.

Dated: New York, New York
   May 28, 2008

By: _____

Brian E. Moran (BM-8573)
Victor B. Kao (VK-6967)
Robinson & Cole LLP
885 Third Avenue, Suite 2800
New York, NY 10022-4834
Telephone: (212) 451-2900
Fax: (212) 451-2999

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| BMG MUSIC, a New York general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAPITOL RECORDS, LLC, a Delaware limited liability company; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; LAVA RECORDS LLC, a Delaware limited liability company; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company, | x : : : : : : : : : : : : : | Civil Action No.: |
| Plaintiffs, | : | |
| | : | |
| -against- | : | |
| DOES 1 - 13, | : | |
| Defendants. | : x | |

---

## [PROPOSED] ORDER GRANTING PLAINTIFFS' APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' Application for Leave to Take Immediate Discovery, the

Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Columbia

University to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena as well as

a copy of the order and moving papers that seeks documents that identify each Doe Defendant,

including the name, current (and permanent) addresses and telephone numbers, e-mail addresses,

and Media Access Control addresses for each Defendant. The subpoena may also seek all documents and electronically-stored information relating to the assignment of any IP address which Columbia cannot link to a specific Doe Defendant, such as, but not limited to, DHCP log files that reflect information about the physical port location to which the IP address was assigned at the specified date and time or the MAC address of an implicated device at the time of capture, as well as information about who had access to the physical location of the IP address. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B) and notice will be provided to any affected students and their parents pursuant to that section.

IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act, and, aside from filing new copyright actions against the identified defendants or filing an amended complaint naming them in this action and/or sharing this information with support staff, agents, and clients as necessary to negotiate releases or settlement agreements with the Doe Defendants, must be kept confidential by the attorneys seeking this information except as permitted by further order of this Court.

IT IS FURTHER ORDERED THAT the subpoena shall afford reasonable notice to customers of the school's internet service so that they may object or move to quash prior to the return date of the subpoena. Accordingly, the subpoena shall be returnable within 45 days of the date of service.

DATED: _____     By: _____
                                        United States District Judge